————o————

## No. 6180.

## HOEHN & DIETH vs. MASSACHUSETTS BONDING INSURANCE COMPANY.

### Syllabus.

Between equally credible witnesses the presumption is in favor of the one who swears affirmatively.

Appeal from the Civil District Court for the Parish of Orleans, Division "C," No. 105,942. Honorable E. K. Skinner, Judge.

Charles Louque, for plaintiff and appellee.

Mentz, Hollingsworth & Mayer, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is a suit upon an insurance policy against loss by burglary. The main defense is that there was no **visible evidence** of a forcible entry as required by the terms of the policy.

The evidence shows that plaintiffs' store was closed and locked on a Sunday at noon; that a large quantity of goods was found missing on the next morning, the greater portion of which was recovered by the police from the possession of a party who had no connection with the establishment.

A reputable and expert locksmith, who was called upon at once to change the lock, found this unnecessary and pointed out that the front door had been pried open with some instrument, the marks of which he found in the crack between the two panels of the door. These marks, he testified, were still visible at the time the case was tried, and offered to point them out to Court and counsel if they wished to accompany him.

As to the existence of these marks, he is corroborated by plaintiffs' junior partner.

On the other hand three witnesse for defendant examined the premises and failed to see any marks of forcible entry.

The trial Judge correctly attached more weight to the affirmative testimony of two witnesses (one wholly disinterested) than to the negative testimony of defendant's witnesses. Between equally credible witnesses the presumption is in favor of the one who swears affirmatively.

**1 Hennen's Digest, p. 557, No. 12.**

— 39 —

Plaintiffs have established, with all reasonable certainty the amount of their loss; the number and value of goods not recovered and the damage of those recovered is shown as well by their own testimony as by that of disinterested outside witnesses.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, October 26th, 1914.

Rehearing refused, November 23rd, 1914.